**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 2 4 2020

MITCHELL R. ELFERS
CLERK /mn

Rodolfo Rodriguez
_Name_

47735-079

BOX 3540
_Address_
Milan N.M 87021

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Rodriguez, Zepeda, Plaintiff's
(Full Name) Kinglin, Fernandez,
Thomas, De La Campa-Range
And other's Effected "Et. Al."
          V.
J. Perry Chaves, John Anderson,
David M. Walsh, U.S Attorney +
Chief Judge William P
Johnson "Et. Al." Amtrak
Greyhound Defendant(s)

CASE NO. 20CV1228 WPJ/JHR
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §1983

### A.   JURISDICTION

1) Rodolfo Rodriguez, is a citizen of TEXAS
      (Plaintiff)                              ( State )
who presently resides at 2000 Cibola Loop
                                    (Mailing address or place of confinement)
Milan NM. 87021

2) Defendant J Perry + Chaves          is a citizen of
      (Name of first defendant)
Albuquerque New Mexico          , and is employed as
          (City, State)
Security For Greyhound + Amtrak At the time the claim(s)
(Position and title, if any)
alleged in this complaint arose, was this defendant acting under color of state law?
Yes ☒   No ☐   If your answer is "Yes," briefly explain: Claiming To
be DEVA, but Has lied before on the stand, so said, the the 10th circuit courts of Appeal and on oct of 2020 Held up A badge in open court the badge was not his all the officers of the court knew but said nothing to protect themselve

3) Defendant __John Anderson + David m. Walsh__ is a citizen of
(Name of second defendant)

__AlbuQuerQue New Mexico__ , and is employed as
(City, State)

__U.S.A Horney's Office__ . At the time the claim(s)
( Position and title, if any)

alleged in this complaint arose, was this defendant acting under color of state.

Yes ☒  No ☐  If your answer is "Yes", briefly explain: John And David
Knew That Perry Lied in open court but Refused To
Bring charges And separate Them selfs From This crime.
but instead continued This criminal enterprise To The
point of facilitating A crime That Violated A statute of
Law And Judges Backing This Conspiray Knowing Perry was
(Use the back of this page to furnish the above information for additional Not DEA
defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42U.S.C. §1983. (If you
wish to assert Jurisdiction under different or additional statutes, you may list them
below.)

28  USC  1442 (c)(1)(2)
28  USC  1331 And 1343(a)
28  USC  1332(@)(1)
28  USC  509(SEC 7)(1) +(2)

## B. NATURE OF THE CASE

1) Briefly state the background of your case. my Rights To The American w/ disability Act was not Addre
in a Case That InVolves A
unknow Agent That I had 4 different Run ins with
All 4 times I would not Allow This Illegal search
And it helped To Have Witness. This Very last time
I was Alone Sleeping on The Amtrak coach cars when
I was Awaken And Asked is I would Alow A search
of my person I said no but was continued To
be Harrassed with no Recording of This Encounter
I continue To be detained
durring A suppression Hearring Agent Perry Lied on
The Stand saying He was A D.E.A. Even Holding
up A Badge That did not belong To Him, The Judge
Knew And Even continue To Hide Perry's True
Identity of being A Peace officer The Judge Knew
or should Have Known After All Ignorance of th
Law is no excuse. All The while Hiding behind 5 USC
§552(@) Know Perry is not D.E.A. The Question
is whose Badge was Perrys Holding And will
XE-  2/7
still but crippd A secret

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:  (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1) Count I: TiTlE 18 PART 1 ChApter 96 § 1962 CiViL RiCO. — § 1968 CiViL demANd INVEStigAtion — Title 18 ChApter 97 § 1991 ENtering A TRAiN TO Commit A CRimE: TiTlE 18 PArt 1 ChApterS5 § 1201 KidNAPPiNg FRom Public TRANSPoRtAtion

(2)  Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

WHEN A PERSON Buy's A OVER NigHt StAy At A MOtEl/HotEl oR Bus, TRAiN oR PlANE. THAt is youR HomE StEAd FoR THE Night NO AgENt Should bE AlowEd to ViolAtE youR CiViL Rights, go tHRougH you belongings oR otHer wisE ACCESS youR PeRSoNAl INFoRmAtion FoR THE PuRPoSE of HARASSmENt w/. NO PRObAblE CAuSE iN ViolAtion of tHE THE CoNSumERi CAutious DAtA PRotEctioN Act PASSANgERS NAmEd RECoRd (PNR) Should HAVE NEVER bEEN RElEASEd it is THE Job of tHE City MANAgER's officE TO PRotEct CiViliANS

B)(1) Count II: Title 42 ChApter 21 § 2000 (a) Public HEALtH ANd WElfARE CiViL Rights Public AccomodAt

(2) Supporting Facts: CiViLAN must HAVE A "PRotEctiVE ZONE" TO PRotEct ouR CiViL Rights FRom otHER CiViLANS THAt ClAim TO bELong TO oNE AgENcy ANd EVEN HAVE A bAdgE tHAt is NOT THEiRy, ImPERSONATiNg A D.E.A. is AgAiNSt tHE LAw ANd CHiEf JudgE JoHNSON is CoVERiNg uP FOR PERRY iN OPEN CouR IMmuNity NO LoNgER APPLiES TO tHiS PARRY + JOHNSON oNcE tHAy WHERE PlAcEd oN NOticE of tHis CoVER uP

C)(1) Count III: TITLE 18 § 241 + 242 TITLE 47 Chapter 5 § 151 CRIMINAL CONSPIRACY AGAINST RIGHTS, DEPRIVATION OF Rights UNDER THE COLOR OF LAW, INTERFER W/ TELE COMMUNICATION, WIRE OR RADIO

(2) Supporting Facts: FALSE ~~ARREST~~ ARREST IS A PREDICATED ACT WHEN AGENTS WILL NOT WEAR BODY CAM TO RECORD CONVERSATION AND WILL MAN ~~HANDL~~ HANDLE YOU WHEN YOU TRY TO PRESERVE EVIDENCE JUDGES KNOW THAT TO HAVE RECORDINGS ENTERED INTO COURT MUST BE WELL VETED. THIS RACKETEERING FRAUDS-MALICIOUS PROSECUTIONS, INVASION OF PRIVACY FALSE IMPRISON IS CIVIL R.I.C.O.

D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
Yes ☒   No ☐   If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)   SAME AS ABOVE but now its ET.AL. -Vs- ET.AL.

a) Parties to previous lawsuit.

Plaintiffs: _____Rodriguez_____

Defendants: _Chavos Perry Amtrek Et Al_

b) Name of court and docket number: 19 cV 0111 - MV/SMV United States District Court District of NEW MEXICO

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? "Not Pending" dismissed FOR lack of Payment of Filing FEE

d) Issues raised: _SAME A ~~ABOVE~~ "PURJURY"_

e) Approximate date of filing lawsuit: _FEB. 15 2019_

f) Approximate date of disposition: _July ? 2020_

2) I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☐ No ☒. If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought. _Its A Legal_

_mAtter not Administrative mAtter_

E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: _Release From Custody AS.A.P. INCARSERATE PERRY FOR THREATS TO ME VIA MY ATTORNEY PAY AttorNEy FEES And$10,000,000 US USD FOR PAIN And SUFFERING THAT is QUNTIFYED [10%] FOR EACH Count FOR A total of 6 Counts Along with DOJ Fund of DOJ -VS- Albuquerque Police Dept N/A_

_____
Signature of Attorney (if any)

_____
Signature of Petitioner

Attorney's full address and telephone number.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at _Cibola CCF_          on _11  /  /_          20 _20_.
                        (Location)                        (Date)

                                            _____
                                                        (Signature)

OFFICIAL SEAL
Joaquina Galindo
NOTARY PUBLIC-State of New Mexico
My Commission Expires _Sept. 14, 2020_

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 2 4 2020

MITCHELL R. ELFERS

CLERK  Albuquerque

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District _NEW MEXICO_ |
|---|---|
| Name of Movant _Rodolfo Rodriguez_ | Prisoner No. _47735-079_  Case No. _CR-18-1568WJ_ |
| Place of Confinement _CCA Cibola_ | |

UNITED STATES OF AMERICA      v. _Rodolfo Rodriguez_

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _NEW MEXICO_
_Albuquerque_

2. Date of judgment of conviction _NOV. 18, 2020_

3. Length of sentence _46 Months_

4. Nature of offense involved (all counts) _ONE Count, 21 USC._
_841 (a)(1) AND (b)(1)(A)_

_____

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _N/A_

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐ ⎫ _N/A_
   (b) Judge only ☐ ⎭

7. Did you testify at the trial?   _N/A_
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:    "Pending"

  (a) Name of court _____

  (b) Result _____   N/A

  (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes", give the following information:

  (a) (1) Name of court  Albuquerque  New Mexico

  (2) Nature of proceeding  Civil Rights Complaint (Bivens) 42 U.S.C. § 1983 #CV-19-0011 (Action)

  (3) Grounds raised  Purjury "U.S. V. de la Campa- Rangel 519 F3d 1258"  Also see Proceeding Dated Nov. 18, 2020 Sentencing of Defendant And Last Argument Befor Sentencing of 46 Months

  (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒    Payment

  (5) Result  dismissed For lack of Filing Fee

  (6) Date of result  Aug. 2020

  (b) As to any second petition, application or motion give the same information:

  (1) Name of court _____   N/A

  (2) Nature of proceeding _____

  (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition. application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition,
application or motion?
(1) First petition, etc.      Yes ☒ No ☐
(2) Second petition, etc.      Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_Yes I did Appeal, But it was_
_dismissed without Prejudice For_
_lack of payment_

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or
treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach
pages stating additional grounds and facts supporting same.

CAUTION If you fail to set forth all grounds in this motion, you may be barred from presenting additional
grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each
statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have
other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which
you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The
motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of
the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: CIVIL + CRIMINAL PURJURY, ON THE STAND, IN GRAND JURY PROCEEDINGS CLAIMING TO BE D.E.A.

Supporting FACTS (state *briefly* without citing cases or law): AGENT PERRY LIED ACCORDING TO 10th CIR COURT OF APPEALS IN RE: DEA-CAMPA-RANGEL. THEN AGAIN DURING SUPRESSON HEARING CLAIMING TO BE DEA. EVEN GOING SO FAR AS TO HOLD UP A DEA BADGE THAT WAS NOT HIS IT BELONGED TO:?

B. Ground two: ILLEGAL SEARCH AND SEIZURE, TRANSPASSING KIDNAPING ETC.

Supporting FACTS (state *briefly* without citing cases or law): RECORDING CLEARLY STATES "NO I AM ASLEEP ASLEEP!" MORE THEN ONCE, THE TRANSCRIPT SHOW+ AND READS "INAUDIBLE", IS THIS RECORDING TAMPORD WITH? SUCH BAD QUALITY WAS ALLOWED AS EVIDENCE (RULE) "NO I.D. W/ BADGE

C. Ground three: CITY MANAGER'S OFFICE + LAW ENFORCE MENT OPERATING PROCEDURES DOC. 161 DATED 3-8-89 EXHIBIT "A" "B"

Supporting FACTS (state *briefly* without citing cases or law): GREYHOUND/AMTRAK IS PRIVATE PROPERTY AND YOU MUST HAVE A DESIGNATED FILM CREW FROM THE CITY MANAGERS OFFICE EXHIBIT "A" #4-3 TO PREVENT VIOLATION OF THE TRAVELING

AO 243 (Rev. 5/S5)

Public's Civil Rights greyhound will not Allow Warrontless Searchs, Amtrak need consider

D. Ground four: SECurity + Consumer Privacy Protection Act. Violation

Supporting FACTS (state *briefly* without citing cases or law): THE FEDERAL TRADE Commission Protects From AMtrak Giving up Info on the Travling Civilings Perry And other Had Access to Passagor Named Records" (PNR) in violation of "Transportation Statute" And boosting About it in the McKenzie CASE SEE: Transcript ENClosed

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

THE RECORD is So Long That it Could Be 5 Hrs. in ONE Proceding, So Record ~~ENClose~~ ENClosed is All Proceding

SEE Attachment :

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ ~~No☒~~

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: Walz + Associates Jerry Walz 133 Eubank Blvd N.E. , ABQ New Mexico 87123

(a) At preliminary hearing

N/A          SAME

(b) At arraignment and plea

N/A          A

(c) At trial

N/A          Above

(d) At sentencing

N/A

AO 243 (Rev 5/85)

(e) On appeal ___PEnDing DiRect APPEAL___

(f) In any post-conviction proceeding ___NONE___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___NONE___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒  No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
___SoPPeRVisod  RelEASed   3 YRS___

(b) Give date and length of the above sentence: ___NOV. 18, 2020___
___3YRS SuPPeRVisod  Rolbvsod___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒  No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____

_____
(date)

_____
Signature of Movant
Rodolfo Rodriguez

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF:
RECUSAL OF ALL UNITED STATES JUDGES                    20-CV-01228-RB-JHR
FOR THE DISTRICT OF NEW MEXICO

### ORDER OF RECUSAL

Case No. 20-CV-01228-RB-JHR asserts claim against me, Chief United States District Judge William P. Johnson. Under the circumstances, it is appropriate for all judicial officers for the District of New Mexico to recuse in 20-CV-01228-RB-JHR. United States District Judge Blackburn, for the District of Colorado, has consented to the designation and assignment as presiding judge in this case.

**IT IS THEREFORE ORDERED THAT:**

1. All judicial officers of the District of New Mexico recuse in this action; and

2. Pursuant to the designation and provisions of Title 28, United States Code § 291(b), the Honorable Blackburn, United States District Judge, District of Colorado, shall preside over the above-captioned case.

**DONE** this 2nd day of December, 2020.

FOR THE COURT:

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE



United States District Court
District of New Mexico
Office of the Clerk
Document Summary Page

Date: December 02, 2020 06:00 PM MST

To: Rodolfo Rodriguez

Case: Rodriguez v. Perry et al

From: Office of the Clerk, District of New Mexico

CM/ECF Support Number: (505) 348-2075

CM/ECF Support Email: cmecf@nmcourt.fed.us

Comments: Case#1:20-cv-01228-REB Document#4 Filed:12/02/2020

Job: bc2758fd-f2bc-476a-8e30-8972a14ff7eb

PLEASE TAKE NOTICE that this case has been reassigned to Sr. United States District Judge Robert E. Blackburn as the trial judge. Under D.N.M.LR-Civ. 10.1, the first page of each document must have the case file number and initials of the assigned judge. Accordingly, further documents filed in this matter must bear the case number and the judge's initials shown in the case caption and the NEF for this document. Kindly reflect this change in your filings. Sr. United States District Judge Robert C. Brack and United States Magistrate Judge Jerry H. Ritter are no longer assigned to this case.[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (ng)

NOTE: In an effort to reduce paper and postage costs, the Notice of Electronic Filing (NEF) will not be included with this transmission. To obtain a copy of the complete NEF, please visit us online at http://www.nmd.uscourts.gov and login to either your CM/ECF or PACER account. You may also view the NEFs at one of our public terminals located at the courthouses in Albuquerque, Las Cruces, and Santa Fe.

# FILED

UNITED STATES DISTRICT COURT

DISTRICT of NEW MEXICO

UNITED STATES DISTRICT COU
ALBUQUERQUE, NEW MEXICC

JUN - 4 2019

MITCHELL R. ELFERS
CLERK

**RODOLFO RODRIGUEZ**

**Plaintiff  pro se**

**vs.**                                    Case #1:19-CV-00111-MV-SMV

**AMTRAK   "ET. AL."**

**Defendant**

## MOTION FOR PRESERVATION OF EVIDENCE

NOW COMES, Plaintiff pro se in the above entitled case asking this court to intervene in the criminal courts, to preserve evidence according to Fed. R. Evid. 1002 and Fed. R. Evid. 1004(1) specifically, U.S. v. Rodriguez case # 18-cr-1568 WJ

## CASE SUMMARY

Motion for preservation will state all grounds that could meet reasonable specification standard to comply with particularity requirement of Rule 7(b)(1); , amendments are allowed if they consist of elaboration of ground already set out in original motion, **"ie GRAND JURY perjury"**

1) Transcript of proceedings from October 22, 2018 9:35 am. Heard before the honorable Laura Fashing have certain inconsistency, on page 12 line 4 **"Threatening him, et cetera".** What was said by my attorney, was, **"threatening him and he feels he was kidnapped"** then Judge Fashing interrupted, **"we know all about Perry!"** why this exchange reads **et. Cetera** on transcripts behooves Plaintiff, same page line 5 **"this was not their first encounter".** Plaintiffs first 3 encounter ended with



civilians being present when ex Perry was told **"I know who you are and no you can't search me or**
**I have no time."** (coming from a famous movie, from the 1960 **"I know who you are and I saw what**
**you did".**) In my last encounter with ex D.E.A. Perry and Chavez, I was taken advantage of. With no
witnesses.

2) Transcripts dated February 1, 2018. Interview of Rodolfo Rodriguez "bag Search" page 2
line 3 and page 3 line2, claim to be "inaudible." Plaintiff responds two times with **"I know who you**
**are and no you can't search me".** The transcript show **inaudible** both times. Plaintiff insist
recordings were tampered with. After I was escorted off the Amtrak by ex D.E.A Chavez, I was placed
on greyhound property as I waited to be transported I asked ex D.E.A Chavez if I could see his D.E.A.
badge, he opened his pick up truck reached into the side pocket producing a D.E.A. Badge while
standing in the parking lot proving to me that he was on board the Amtrak with no badge.

3) Transcripts dated May 8, 2018.  FEDERAL GRAND JURY page 2 line 13 ex D.E.A  Perry
claims to be employed by the D.E.A. I have asked the criminal courts, via my attorney, for a F.O.I.A.
But to no avail. Page 3 line 5 thru 9. The GRAND JURY was never told that I was asleep, after a long
over night trip. I was rudely awaken, as I looked up, I sounded of **"I know who you are and no you**
**cant search me."** no D.E.A. badge was ever displayed nor did Perry announce he was D.E.A. All this
could have been avoided if ex D.E.A. Perry had a body cam or if the **city manager** was aware of
agents boarding public transportation in violation of **"greyhound policy"** Plaintiff questions, "was the
GRAND JURY properly vetted, as well as informed, as to policy's that exist when dealing with the
**Traveling civilizing public** for its safety?" Federal Rules of Criminal Procedure Rule 6.(a)1,(b)2 and
28 U.S.C. 1867(e). The court must order that enough legally qualified persons be summoned to meet
this requirement. **This standard was not met.**

**CONCLUSION**

Transcripts from grand jury do not match transcripts from recording of February,1 2018 and that



proves that Perry has perjured him-self, once again, continues to have a disregard for the oath he has

taken. More over Perry failed to ask Plaintiff for a prescription for the medication he was traveling

with, GRAND JURY shall consist of not less than 16 and not more than 23 members continues

existing law, 28 U.S.C. ⊏ 419 [see 18 U.S.C. ⊏ 3321]. But only one juror questioned Perry about

asking for a prescription for medication, response was vague. **This exchange leads to suspicion.** If

transcripts don't show **inaudible** they show **et cetera** TERM: et cetera. TEXT: 1. And so forth, and

others, and other things, and the rest, and so on. **When freedom is at stake every essences of a court**

**exchange must be on film or recorded.  Plaintiff's questions** why? "we know all about Perry"

showed up as et. Cetera. For the last ten years this court had knowledge of the misconduct but refuses

to put a stop to it see: 233 F.3d 1067 (8th Cir. 2000), cert. denied, 534 U.S. 1023, 122 S. Ct. 552, 151

Ed. 2D 428 (2001) (when defendant has alleged prosecutorial misconduct during grand jury

proceedings,dismissal of indictment is proper only when defendant demonstrates flagrant misconduct

and substantial prejudice.) **The recordings were never played for the GRAND JURY.**

**Fed.R.Crim.P. 41,**

## PRAYER

Plaintiff prays upon this court for **relief** to grant, a **court order.** For F.O.I.A on Perry. Fed. R. Evid.

1002 and Fed. R.Evid. 1004(1) as well as appoint a team of independent investigators to preserve all

evidence from U.S. Rodriguez case # 18-cr-1568 WJ (criminal case), applying all evidence to this civil

case including but not limited to all court room proceeding **"video as well as audio".**

**RODOLFO RODRIGUEZ**

**47735-079**

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 0 6 2019

MITCHELL R. ELFERS
CLERK

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

RODOLFO RODRIGUEZ

Plaintiff  pro se

vs.

AMTRAK  "ET. AL."

Defendant

Case #1:19-CV-00111-MV-SMV
19-2103, In re:Rodriguez, et al

## MEMORANDUM BRIEF

NOW COMES, Plaintiff in the above entitled civil action case submitting memorandum brief for

order filed July 3, 2019 the cases listed below are ripe for <u>writ of review</u> and do affect this civil action.

Command of Rule 1 that Federal Rules of Civil Procedure ‡shall be construed to secure just, speedy,

and inexpensive determination of every action,'‡ gives all other Rules life, meaning, and timbre in

realistic world of trial court, making Rules useful tools for trial of actual litigation. In re Paris Air Crash, 69 FRD 310 (C.D. Cal. 1975).

<u>UNITED STATES OF AMERICA, Plaintiff, vs. OLLISHA NICOLE EASLEY, Defendant.</u>

" not a single passenger on Ms. Easley's bus declined to speak with SA Perry, and that everyone who

was asked to do so gave consent for SA Perry to search their person and belongings. A Latino passenger apparently even consented to SA Perry's cutting into his stiff shoe with a knife that SA Perry

borrowed from another passenger."

In this particular case, agents conspiracy cross the line by using a so called civilian to produce a

knife, that happen to be sitting close by it would be my guess that the person that produced the knife

was part of Perry's co-conspirators or he made a co-conspirators out of civilian traveler with out his

knowledge or just cause, this issue could have been prevented if agents were educated as to polices and

procedures that are in place to protect our peers.

we live in a new day and age where we have  live T.V. Shows from the Pacific to the gulf coast, real

time footage of agents doing there job on the southern border, but we do not have cameras at Amtrak

on the tarmac. Plaintiff questions, Whose job is it to make sure the city manager does his job? Our

peers have a right to know what every agency is doing to prevent abuse and the lost of life, this is a

tragedy in the making waiting to happen in our own back yard. Like the incident of January 2018

If the Albuquerque task force is claiming rights under "Touhy". If  my research prove right. ROGER

TOUHY, Petitioner, was ruled ON WRIT of Certiorari to the United States Court of Appeals for the

Seventh Circuit to review a judgment reversing an order of the United <*pg. 419>  States District

Court for the Northern District of Illinois which found an employee of the Department of Justice guilty

of contempt in refusing to produce subpoenaed records of the department.

Once again this case is obsolete, 50 years old, technology could prove the protector of life, before

a life is lost on greyhound or Amtrak property at the hands of rouge agents.

2

<u>UNITED STATES OF AMERICA, Plaintiff, vs. RICHARD ANTHONY McKENZIE,</u>
<u>Defendant.</u>
TRANSCRIPTS START

"Administrative Law > Governmental Information > Personal Information > General Overview

In Ehm, the Fifth Circuit held that Amtrak is not subject to the Privacy Act, 5 U.S.C.S. ⊂ 552a.
Noting

that Amtrak's charter, <u>45 U.S.C.S. 541</u>, specifically provides that Amtrak will not be an agency
or

establishment of the United States Government, the Ehm Court held that Amtrak was not an
"agency"

within the meaning of the Privacy Act. In Lebron, the U.S. Supreme Court specifically noted
that,

Amtrak's charter is dispositive of Amtrak's status as a government entity for the purposes of the

Administrative Procedure Act because Congress controls whether Amtrak is subject to the
provisions of

the statutes which it enacts. The Privacy Act is part of the Administrative Procedure Act."

On Monday, July 7, 2009, Hyland and Task Force Officer ("TFO") Stephen Suprenant de Garcia

reviewed an east bound Amtrak Passenger Named Record ("PNR") for a Richard McKenzie.
See Tr. At

9:13-18:16 (Martinez, Hyland)(explaining that Hyland went to the Amtrak station on July 7,
2008

because Hyland "had information on a passenger name record, a reservation showing one-way
travel

from Flagstaff, Arizona to New York City."); Government Exhibit 11, at 4 ("Warrant and
Affidavit").

An Amtrak ticketing agent sent the PNR by facsimile transmission to the DEA. See Tr. at 76:3-
82:4

(Padilla, Hyland). Amtrak ticketing agents regularly send PNRs by facsimile transmission to the
DEA if



the ticketing agent identifies, based on training that the DEA provides, a PNR with characteristics

fitting the drug-courier profile. See Tr. at 102:6-105:23 (Padilla, Hyland); See Transcript of Hearing at

12:6-18 (taken February 18, 2010)("Second Tr.")(Padilla, Hyland).

Amtrak ticketing agents who provide information to the DEA which results in a narcotics-related

arrest receive monetary rewards. See Tr. at 106:6-13 (Padilla, Hyland).

The ticketing agent who provided the PNR that Hyland and Garcia received on July 7, 2009 had

provided reliable information to the DEA in the past, which resulted in an arrest and/or confiscation of

drugs. See Second Tr. at 11:4-23 (Padilla, Hyland).

The PNR for McKenzie indicated one-way, credit-card travel from Flagstaff, Arizona to New York,

New York. See Tr. at 12:14-13:25 (Martinez, Hyland); Government Exhibit 3 ("PNR"); Government

Exhibit 4 ("Amtrak Tickets"); Warrant and Affidavit at 4.
                                    **TRANSCRIPTS END**

It is fruitless to appeal to the district court because they have entertained this violation of civil

rights for the last decade. At what point was TITLE 49 TRANSPORTATION superseded by

AMTRAK employees, with agents of the task force. Noting that Amtrak's charter, 45 U.S.C.S. ⌐ 541

was quoited in the McKENZIE case April 8, 2011, Parties on both sides failed to research with due

diligent, should have noted that 45 U.S.C.S. ⌐541 has been [Repealed] by Act July 5, 1994, P. L.

103-272, <u>20 years later the courts continue to entertain</u> 45 U.S.C.S. ⌐ 541 with no objections from

4

attorneys noted that This section (Act Oct. 30, 1970, P. L. 91-518, Title III, ⊏ 301, 84 Stat. 1330;
Oct.

5, 1978, P.L. 95-421, ⊏ 11, 92 Stat. 928; Aug. 13, 1981, P. L. 97-35, Title XI, Subtitle F, ⊏
1188(a), 95

Stat. 699; June 22, 1988, P. L. 100-342, ⊏ 18(a), 102 Stat. 636) was repealed by Act July 5, 1994,
P. L.

103-272, ⊏ 7(b), 108 Stat. 1379, except for rights and duties that matured, penalties that were
incurred,

and proceedings that were begun before enactment, as provided by ⊏ 7(b) of such Act, which
appears

as a note preceding 49 USCS ⊏ 101. The section provided for establishment of the National
Railroad

Passenger Corporation.  The subject matter formerly covered in this section is now covered
generally in

49 USCS ⊏⊏ 20101 et seq.

Fourth Amendment, violation was at the heart of the McKENZIE case, what was never
mention

was due process and equal protection clause violations. Protection from the courts, against the
city

manager office, AMTRAK  employees and agents of the task force  who refuse to wear body
cameras!

**Plaintiff question what are they hiding?**

All this transactions violated  TITLE 49 TRANSPORTATION SUBTITLE V. RAIL
PROGRAMS

PART C. PASSENGER TRANSPORTATION CHAPTER 243.AMTRAK 24316. c) Use of

**information. Neither the National Transportation Safety Board, the Secretary of
Transportation,**

**the Secretary of Homeland Security, nor a rail passenger carrier may release to the public
any**

personal information on a list obtained under subsection (b)(1), but may provide information on

the list about a passenger to the passenger's family members to the extent that the Board or a rail

passenger carrier considers appropriate.

(e) Limitation on liability. A rail passenger carrier shall not be liable for damages in any action

brought in a Federal or State court arising out of the performance of the rail passenger carrier in

preparing or providing a passenger list, or in providing information concerning a train reservation,

pursuant to a plan submitted by the rail passenger carrier under subsection (b), unless such liability was

caused by conduct of the rail passenger carrier which was grossly negligent or which constituted

intentional misconduct. "Accidents and incidents" are covered by 20101. Purpose [49 USCS ££

20101 ] 24710. Long-distance routes (a) Annual evaluation.

If you do not have permission from the city managers office, as required via greyhound policy

titled: Operating Procedures, then you are stalking then harassing traveling civilian public, because

both greyhound and  . AMTRAK are located on the same property This agents are violating both

greyhound policy titled: Operating Procedures and  TITLE 49 TRANSPORTATION SUBTITLE V.

RAIL PROGRAMS PART C. PASSENGER TRANSPORTATION CHAPTER 243. AMTRAK 24316.

Accidents and incidents" are covered by 20101. Purpose . [49 USCS ££ 20101 ] 24710. Long

-distance routes (a) Annual evaluation.   "that was never conducted" or nothing was ever done

## The UNITED STATES ATTORNEYS OFFICE WOULD WOULD BE QUICK TO POINT OUT

qualified immunity or **Homeland Security** immunity. Even total immunity is 30 years old, we now

have body cams and licensed K9 units that meet each states prerequisites, as well as Federal standards

**immunity is for he that follows the law, once you break the law you pay for it.**

If you are not a professional on the job, then your official capacity is no longer entitled to

immunity. Personal capacity sets in for failing to follow protocol. Jail time would be the only

alternative, the courts do not harbor rouge agents. **Ignorance of the law is no excuse.** Case in

point agents had time to prepare licensed K9 units, then ask a judge for a warrant, with permission

from the city managers office and where **Board or a rail passenger carrier considers appropriate**.

Standard protocol could have been meet, as well as greyhound policy, escorted by city managers office

would have proof that no laws were broken  TITLE 49 Statue was violated by rouge agents conspiring

with AMTRAK employees, if no **"Accidents and incidents" occurred then**

## why was the PNR released.? Then no Annual evaluation was taking place to

protect the traveling civilizing public, conspiring to oppress by agents, AMTRAK employees in

violation of the National Labor Relations Board and The National Labor Relations Act, 29 U.S.C. ᴄᴄ

151 et seq (a) impairing the efficiency, safety, or operation of the instrumentalities of commerce;

This violations could prove jail time for agents as well as AMTRAK employees for violating civil

rights according to TITLE 18 241 242. Conspiracy against rights, Deprivation of rights under color of

law. Over zealous prosecution, attorneys refusing to file pretrial motions is a violation of due process. A

conviction obtained through the knowing use of perjured testimony violates due process. Morales v.

Johnson, 659 F.3d 588, history of prosecutorial misconduct that is so systematic and pervasive that it

affects the fundamental fairness of the proceeding or if the independence of the grand jury is

substantially infringed. **This errors are not harmless, nor have an end in site.**

De La Campa-Rangel with time served **after 4 years of a 10 year sentence.**

NORA ASUSENA AMADOR-BELTRAN, spoke no **English,** was the grand jury advised?

JESUSFRANCISCO FERNANDEZ Ms. Ramos-Burciaga EDGAR GARCIA-GARIBAY, RELEASED

U.S. Rodriguez case # 18-cr-1568 WJ the grand jury was not advised that **"I was asleep!"**

This is just a hand full of civil rights violations, the list will grow as the research continues, to the

point that ten years of plea bargaining and hundred's of cases will be affected res ipsa loquitur.

Plaintiff is asking this court for leave according to Rule 21 Federal Rules of Appellate Procedure. In

this particular case, Plaintiff is asking permission from the courts to be excluded from the requirements

of Rule 21(a)(2)(C). allowing review under Rule 21(b)(4)+ (c) +(d) by order in a particular case,

Release from custody according to rule 23 (c) F.R.A.P.

The case of ex D.E.A. Jerrall Perry committed perjury more the ten years ago, this courts

acknowledgment of the De la campa-rangel case no. 519 F.3d 1258; 2008 U.S. App. LEXIS 6286  went

largely unnoticed by the lower courts, violating due process, misprision of a felony by officers of the

courts see: Bratton v United States (CA10,Okla) 73 F2d 795 harboring of a criminal, intimidation of

witnesses, such concealment or failure to disclose being that of one owing allegiance to the United

States .although the defendant was released with time served, ex. D.E.A. Perry was never prosecuted

for perjury. For the last ten years the lower courts continue to use the testimony of ex. D.E.A. Perry in

the Grand jury proceeding without the Grand Jury knowing, that the testimony that they are about to
receive is coming from a perjured individual, who has violated the civil rights of the travailing public

the last ten years, by going against greyhound policy titled: Operating Procedures.

The most recent perjury came in the case of .EDGAR GARCIA-GARIBAY, 2018 U.S. Dist. LEXIS

136888 Crim. No.17-0691MV August 14, 2018. In a span of ten years at least one time has

ex. D.E.A. Perry conspired with Amtrak employees by sending the passenger manifest from flagstaff

AZ. To Albuquerque NM. To ex. D.E.A. Perry's fax . perjury AUTHORITY: 1. State v Miller, 26

RI 282, 58 A 882. 2 State vLedford, 195 Wash 581, 81 P2d 830. Perry told the grand jury Plaintiff was

seated, I was asleep! With my back pack as my pillow. Most recent threats coming from this agent

directed at Plaintiff via A.U.S.A. To my now attorney Jerry Walz. This has been brought to my attention

more then once.

The relief sought; Injunction relief, restraining order issued pursuant to an order or decree obtained

9

through this honorable court against Jerrall Perry, preventing Perry from testifying or pursuing any

investigations, <u>keeping Perry a safe distance from plaintiff</u>. In a case of perjury nobody is above the

law, not the president's one time fixer nor Perry. CONGRESS MADE THAT CLEAR. Emergency relief

from Custody; dismiss indictment settle civil matter to prevent further abuse. According to D.O.J.

Settlement of 2018 against Albuquerque police. DUE PROCESS AUTHORITY: Brown v Grant,

The issues presented; prosecution misconduct, threatening bodily injury, Grand jury manipulation,

(withholding recordings) perjury to petite jury and Grand jury proceedings, Judges accepting a plea

agreements on perjured testimony, with no objection from attorneys. <u>In violation of due process.</u>

The use of recent tech is a must. Our peers deserve to know what agents are doing with our courts.

The facts necessary to understand the issue presented by the petition; TITLE 49 TRANSPORTATION SUBTITLE V. RAIL PROGRAMS PART C. PASSENGER TRANSPORTATION CHAPTER 243. AMTRAK <u>24316. c) Use of information. Neither the National</u>

<u>Transportation Safety Board, the Secretary of Transportation, the Secretary of Homeland Security, nor a rail passenger carrier may release to the public any personal information on a list</u>

<u>obtained under subsection (b)(1), but may provide information on the list about a passenger to</u>

<u>the passenger's family members to the extent that the Board or rail passenger carrier considers</u>

<u>appropriate.</u>

This Statue was violated by Amtrak employees by sending the passenger manifest from flagstaff

AZ. To Albuquerque NM. To ex. D.E.A. Perry's office fax. This case was litigated by my now criminal

attorney Jerry Walz from Walz and associates. (c) Limitation on liability. A rail passenger carrier shall

not be liable for damages in any action brought in a Federal or State court arising out of the

performance of the rail passenger carrier in preparing or providing a passenger list, or in providing

information concerning a train reservation, pursuant to a plan submitted by the rail passenger carrier

under subsection (b), unless such liability was caused by conduct of the rail passenger carrier which

was grossly negligent **which constituted intentional misconduct.** "Accidents and incidents"

are covered by 20101. Purpose [49 USCS ££ 20101 ] 24710. Long-distance routes (a) Annual

evaluation.

The reasons why the writ should be issued: If you do not have permission from the city managers

office, as required via greyhound policy titled: Operating Procedures, then you are **stalking** then

**harassing traveling civilian public.** Violation of D.O.J. Settlement of 2018 against Albuquerque police

Dept. This corruption has found its way to the UNITED STATES COURTS. This disrespect for the

authority of the UNITED STATES GOVERMENT must be address and stopped See: Ruiz v. Estelle,

503 F. Supp. 1265, 1385-1390 (S.D.Tex.1980). In the case of Ruiz, The UNITED STATES

GOVERMENT maintained control for more then 20 years. Albuquerque police Dept. as well as the city

managers office, will need at less this much supervision from the higher courts to prevent civil rights

violation, perjury . And Due process violation. See:, 325 US 853 Napue v. Ragen

Plaintiff in the above entitled case asking this court for relief according to Federal Rules of Civil

Procedure summary judgment 56 (a) for violation of 28 U.S.C @ 1442 (c) (1)(2), 1331 ,1343 (a) ,1332

(a) 1332 (a)(1) and 509(sec 7) (1)+(2)

Count 1:  Title 18 Part 1 chapter 55 @1201 Kidnapping from public transportation.

Count 2:  Title 42 Chapter 21 @ 2000 (a) public health and welfare civil rights public accommodation.

Count 3:  Title 18 @ 241and 242 criminal conspiracy deprivation of rights under the the color of law.

Count 4:  Title 47 chapter 5 @151 interfering with telecommunications wire or radio.

## NATURE OF THE CASE

In a case that involves ex .D.E.A. agents Perry and Chavez, I had four different encounters with ex

D.E.A. Perry at times on a bus, other times I was on a train. Every time ex D.E.A agent Perry would try

to search me. I would not allow my civil rights to be violated.

My last encounter, I was sleeping on the Amtrak train coach car when I was awaken and asked 2

questions: where is my ticket ?, Can I see your ID?  All along the 2 agents were standing over me.(the

paying customer with a tag on the over head luggage rack proving that I am a paying customer). With

ex D.E.A. agents Perry and Chavez, in civilian clothes, with no badge or Task force vest to I.D. Them,

With there hands on there weapons, in civilian clothing, working private property, with civilians, with

out approval from the city managers office manages office, see exhibit: "A and B"

It was intimidating, being awaken from a deep sleep. While 2 armed men towering over me in

civilian clothing. and with there hands on their weapons. I was told " Get up and raise your hands!"

As I started to stand I notice I did not have any witnesses, I could have been "killed!" if I did not act

right, at this point I took a chance reaching for my cell phone, in hopes that I could record my last

conversation. Of this violation of my civil rights, "Due process". But to no avail, one agent pulled his

weapon and the other cuffed me. I felt I was kidnapped and soon I would be killed, never saying "you

are under arrest" or reading me my rights, When I was escorted to the Parking lot I asked ex D.E.A

agent Chavez to see his badge, he said " I will get it for you" he opened the door to his pick up. truck

reached in and produced his badge proving he was on the train arresting civilians with out his D.E.A.
Badge. TERM: Debet sua cuique domus esse perfugium tutissimum.TEXT: Each man's home should

be a very safe refuge. "The law has a tender regard for the asylum of a private dwelling." like over

night stay in a motel, bus ,train etc. "that is your home stead for the night".RYAN AUSTIN COLLINS,

Petitioner v. VIRGINIA SUPREME COURT OF THE UNITED STATES 138 S. Ct. 1663; 201 L. Ed

2d 9; 2018 U.S. LEXIS 3210; 86 U.S.L.W. 4324; 27 Fla. L. Weekly Fed. S 279 No. 16-1027.

January 9, 2018, Argued May 29, 2018, Decided, it was well settled for the last century.

## SUPPORTING LEGAL FACT

More then ten years ago the U. S. court of appeals tenth circuit ruled on, "De La Campa-Rangel,

519 F.3d 1258 (10th Cir. 2008) . Saying: " We are concerned with perjury in this case and that ex.

D.E.A. Agent Perry concocted a story." The appeal was abated pending direct appeal, the district

court acknowledged that perjury was one issue and released "De La Campa-Rangel" with time served

after 4 years of a 10 year sentence. At this point the district court refused to press charges for perjury.

In violation of 1746 of title 28 U.S.C. And it reads: Who ever--(1) having taken an oath before a

competent tribunal, officer, or person, in any case in which a law of the United States authorizes an

oath to be administered, that he will testify, declare, depose, or certify truly, or that any written

testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to

such oath states or subscribes any material matter which he does not believe to be true; or (2) in any

declaration, certificate, verification, or statement under penalty of perjury as permitted under section

1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not

believe to be true; is guilty of perjury and shall, except as otherwise expressly provided by law, be fined

under this title or imprisoned not more than five years, or both. This section is applicable whether the

statement or subscription is made within or without the United States. 976. Act Oct. 18, 1976

substituted this section for one which read: "Whoever, having taken an oath before a competent

14

tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be

administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath

states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and

shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not

more than five years, or both. This section is applicable whether the statement or subscription is made

within or without the United States.". 1994: Act Sept. 13, 1994, in the concluding matter, substitute

"under this title" for "not more than $2,000".

For the last 10 years ex D.E.A. Agent Jarrell Perry  has continued to violated the civil rights of

paying customers traveling on greyhound and Amtrak. From my personal experience I have witness

Perry opening luggage on Amtrak, down stairs while passengers are up stairs asleep, all this is going on

with out supervision from the city managers office or a "body cam" to prove daily how many civilians

civil rights are violated, all this paying customer deserve the equal protection clause and due process

from the Fourteenth Amendment. People like; NORA  ASUSENA AMADOR-BELTRAN, spoke no

English,  JESUS FRANCISCO FERNANDEZ  Ms. Ramos-Burciaga .EDGAR GARCIA-GARIBAY,

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO  2018 U.S. Dist.

LEXIS 136888 Crim: No. 17-0691 MV August 14, 2018, Decided August 14, 2018, Filed,  SA Perry

introduced himself as a police officer, TFO Davis testified, he did not hear Mr. Garcia-Garibay's

question, court finds this testimony to lack credibility. Mr. Garcia-Garibay's question is just as audible

in the recording as his earlier statements throughout their conversation. (the court noted)

The practice of turning the devices on and off during the encounter prevents the Court from

knowing the precise duration of the encounter and leaves open the possibility that additional relevant

interactions occurred while **the devices were turned off.** "all with the same M.O."!

Plaintiff questions, Is ex D.E.A. Perry a mind reader that he can predict what the civilian traveler is

about to say, turning the recordings off for his convenience?, or is he tampering with evidence ?

In the Eleventh Circuit case granting Rule 60(b)(3) relief discussed by the majority, Harre, 750 F.2d

at 1503, the court found "that the record support[ed] Appellants' argument that a material expert

witness testified falsely on the ultimate issue in the case, where the defense attorneys knew or should

have known of the falsity of the testimony." Id. at 1503 (emphasis added). Nothing in Bonar v. Dean

Witter Reynolds, Inc., 835 F.2d 1378 (11th Cir. 1988), is to the contrary. Bonar, a case involving

vacation of an arbitrator's punitive damages award, cites Harre for the proposition that "[t]here is

no doubt that perjury constitutes fraud," and that the perjury is

material when it goes to a "central issue" in a case. Id. at 1383 n.7 & 1385.

The Eleventh Circuit in Bonar did not discuss Harre in the context of party complicity under Rule

60(b)(3) within the meaning of the Federal Arbitration Act .REMBRANDT VISION

TECHNOLOGIES, L.P., Plaintiff-Appellant v. JOHNSON & JOHNSON VISION CARE, INC.,

Defendant-Appellee 818 F.3d 1320; 2016 U.S. App. LEXIS 6332; 118 U.S.P.Q.2D (BNA) 1523; 94

Fed. R. Serv. 3d (Callaghan) 827 2015-1079

Did the grand jury know of this exculpatory evidence, that ex D.E.A. Perry committed perjury

or that *NORA BELTAN* did not speak English,? along with  U.S. Rodriguez case # 18-cr-1568 WJ

the grand jury should have been advised that ex D.E.A. Perry committed fraud. Now could he have

been a convicted felon in possession of a weapon, trespassing and kidnapping on greyhound property,

This violation of due process needs to be addressed. **(Government failed to prosecute)**

## RELIEF REQUESTED

For the conspiracy between, Amtrak employees, ex D.E.A. Perry, Chavez and the United States

Attorney's office Plaintiff seeks Rule 23. Class Actions certification along with 1989. Racketeer

Influenced and Corrupt Organizations Act (RICO)  28 USCS ⌐ 1738,  federal action under Racketeer

Corrupt Organizations Act (RICO) (18 USCS ⌐ 1961 et seq.) where it was clear that factual issues to

be litigated under RICO claim were identical with those litigated in prior action and were essential to

judgment in perjury case, so that summary judgment pursuant to Rule 56 applies with equal force in

context of habeas corpus cases. Clark v. Johnson, 202 F.3d 760 (5th Cir.), cert. denied, 531 US 831, 121

S Ct 84, 148 L Ed 2d 46 (2000). may be properly entered in favor of Plaintiffs  in RICO action. J.M.

Muniz, Inc. v. Mercantile Texas Credit Corp., 833 F.2d 541 (5th Cir. 1987). moreover I must be

releases from custody A.S.A.P. According to **habeas corpus relief,** and have ex D.E.A. Perry

prosecuted for perjury and threats directed at Plaintiff via U.S. Attorney's office, my attorney Jerry

waltz and Sam Wise. Pay attorney's fees, as well as. $ 10,000,000 U.S.D. For pain and suffering.

That is quantify 10 times, for each count, for a total of 4 counts along with settlement of D.O.J

Litigation  2018 against  the city of Albuquerque police department as well as the city managers office.

The proposed defendants are proper parties in this action as their liability arises out of the same

occurrences and series of Greyhound policy that were violated, upon which the claims against the

original defendants are predicated and common questions of law and fact will arise as to the parties

against whom suit has already been brought and proposed defendants. In fact, the evidence needed to

establish the liability of these proposed defendants will in great part be the same as that which will be

offered at trial against the original defendants, ie **public safety.**   D.O.J. Settlement of 2018

against Albuquerque police.

Plaintiff  pro se in the above entitled case asking this court to intervene in the criminal courts, to

preserve evidence according to Fed. R. Evid. 1002 and Fed. R. Evid. 1004(1) specifically, U.S. v.

Rodriguez case # 18-cr-1568 WJ

**CASE SUMMARY**

Motion for preservation will state all grounds that could meet reasonable specification standard to

comply with particularity requirement of Rule 7(b)(1); , amendments are allowed if they consist of

elaboration of ground already set out in original motion, "ie GRAND JURY perjury"

1) Transcript of proceedings from October 22, 2018 9:35 am. Heard before the honorable

Laura Fashing have certain inconsistency, on page 12 line 4 "Threatening him, et cetera". What was

said by my attorney, was, "threatening him and he feels he was kidnapped" then Judge Fashing

interrupted, "we know all about Perry!" why this exchange reads et. Cetera on transcripts behooves

Plaintiff, same page line 5 "this was not their first encounter". Plaintiffs first 3 encounter ended with

civilians being present when ex Perry was told "I know who you are and no you can't search me or

I have no time." (coming from a famous movie, from the 1960 "I know who you are and I saw what

you did".) In my last encounter with ex D.E.A. Perry and Chavez, I was taken advantage of. With no

witnesses.

2) Transcripts dated February 1, 2018. Interview of Rodolfo Rodriguez "bag Search" page 2

line 3 and page 3 line2, claim to be "inaudible." Plaintiff responds two times with "I know who you

are and no you can't search me". The transcript show inaudible both times. Plaintiff insist

recordings were tampered with. After I was escorted off the Amtrak by ex D.E.A Chavez, I was placed

on greyhound property as I waited to be transported I asked ex D.E.A Chavez if I could see his D.E.A.

badge, he opened his pick up truck reached into the side pocket producing a D.E.A. Badge while

standing in the parking lot proving to me that he was on board the Amtrak with no badge.

3) Transcripts dated May 8, 2018. FEDERAL GRAND JURY page 2 line 13 ex D.E.A
Perry

claims to be employed by the D.E.A. I have asked the criminal courts, via my attorney, for a
F.O.I.A.

But to no avail. Page 3 line 5 thru 9. The GRAND JURY was never told that I was asleep, after a
long

over night trip. I was rudely awaken, as I looked up, I sounded of **"I know who you are and no
you**

**can't search me."** no D.E.A. badge was ever displayed nor did Perry announce he was D.E.A.
All this

could have been avoided if ex D.E.A. Perry had a body cam or if the **city manager** was aware
of

agents boarding public transportation in violation of **"greyhound policy"** Plaintiff questions,
"was the

GRAND JURY properly vetted, as well as informed, as to policy's that exist when dealing with
the

**Traveling civilizing public** for its safety?" Federal Rules of Criminal Procedure Rule 6 (a)1,(b)2
and

28 U.S.C. 1867(e). The court must order that enough legally qualified persons be summoned to
meet

this requirement. **This standard was not met.**

## CONCLUSION

Transcripts from grand jury do not match transcripts from recording of February,1 2018 and
that

proves that Perry has perjured him-self, once again, continues to have a disregard for the oath he
has

taken. More over Perry failed to ask Plaintiff for a prescription for the medication he was
traveling

with, GRAND JURY shall consist of not less than 16 and not more than 23 members continues

existing law, 28 U.S.C. ⊏ 419 [see 18 U.S.C. ⊏ 3321]. But only one juror questioned Perry about

asking for a prescription for medication, response was vague. **This exchange leads to suspicion.**
If

transcripts don't show **inaudible** they show **et cetera**. TERM: et cetera. TEXT: 1. And so forth,
and

others, and other things, and the rest, and so on. **When freedom is at stake every essences of a
court**

**exchange must be on film or recorded. Plaintiff's questions** why? "we know all about Perry"

showed up as et. Cetera. For the last ten years this court had knowledge of the misconduct but
refuses

to put a stop to it see: 233 F.3d 1067 (8th Cir. 2000), cert. denied, 534 U.S. 1023, 122 S. Ct. 552,
151

Ed. 2D 428 (2001) (when defendant has alleged prosecutorial misconduct during grand jury

proceedings, dismissal of indictment is proper only when defendant demonstrates flagrant
misconduct

and substantial prejudice.) **The recordings were never played for the GRAND JURY.**

**Fed.R.Crim.P. 41,**

### PRAYER

Plaintiff, prays upon this court to grant relief and MEMORANDUM BRIEF, investigate ex.

D.E.A. Agent Perry and criminal case  U.S. v. Rodriguez case # 18-cr-1568 WJ, Release
plaintiff,

dismiss indictment, protect Traveling civilians form ex. D.E.A. Agent Perry committing perjury
to the

GRAND JURY to obtain INDICTMENTS. Emergency relief, Review of Detention Ordering
Release

according to rule 23 (c) F.R.A.P.



RODOLFO RODRIGUEZ 47735-079



**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

RODOLFO RODRIGUEZ,

    Plaintiff - Appellant,

v.

AMTRAK; J. PERRY; C. CHAVES,

    Defendants - Appellees.

No. 19-2103
(D.C. No. 1:19-CV-00111-MV-SMV)
(D. N.M.)

## ORDER

Before LUCERO, PHILLIPS, and McHUGH, Circuit Judges.

Pro se plaintiff Rodolfo Rodriguez appeals an interlocutory order entered by the magistrate judge. This court issued an order challenging our jurisdiction to consider the appeal. Mr. Rodriguez filed a memorandum brief in response. After considering the memorandum brief, the record in this case, and the applicable law, we have determined that this court lacks jurisdiction to consider the appeal.

In response to several motions filed by the plaintiff, the magistrate judge entered a case management order on June 19, 2019. The magistrate judge's order denied three of the plaintiff's motions and reserved decision on three others. Mr. Rodriguez did not ask the district judge to reconsider the magistrate judge's case management order, nor has the district judge otherwise reviewed it. *See* 28 U.S.C. § 636(b)(1)(A). Final judgment has not been entered, *see* Fed. R. Civ. P. 58, and the case remains pending. Mr. Rodriguez