IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODOLFO RODRIGUEZ,

      Plaintiff,

vs.                                                                                                  No. CV 21-00387 JB/JHR

STATE OF NEW MEXICO, et al.,

      Defendants.

## ORDER TO CURE DEFICIENCIES

THIS MATTER is before the Court on the pro se "Criminal Complaint" filed by Rodolfo Rodriguez. (Doc. 1). The Court determines that the pro se filing is deficient because it is not in proper form and Plaintiff has not paid the $402 filing fee or filed an Application to Proceed in the District Court Without Prepaying Fees and Costs.

Plaintiff's filing consists of a form document titled "Criminal Complaint" and complaining about conditions of his incarceration at the Luna County Correctional Facility. (Doc. 1 at 1). The Complaint states:

> "Deprivation of Rights Under Color of Law . . . For the last year us
> inmates have been forced to sleep within 6 feet of each other with no
> vaccinations for COVID 19 or its variant 'B117' overcrowding has
> not been addressed, dorms at 100% when C.D.C. is calling 25%,
> the U.S. Dept. of Justice must step in like D.O.J. v. Albuquerque
> Police Department the State of New Mexico is under D.O.J. watch."

(Doc. 1 at 1). Rodriguez has also filed a handwritten supplement, stating that his civil rights have been violated when a night watchman named Ramirez wrote him up for covering up a night light during the night hours. (Doc. 3).

Although he does not expressly allege violation of any constitutional right, Plaintiff's filing may possibly be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983. A civil rights complaint under 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983). The filing is not in proper form to assert civil rights claims.

In addition, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has not paid the $402.00 filing fee or submitted an application to proceed under § 1915. Plaintiff did submit a prison commissary receipt for a $19.80 purchase of two pepperoni pizzas and drinks and showing a remaining account balance of $285.75 (Doc. 1 at 3), but this document is insufficient to meet the requirements for an application to proceed under § 1915(a).

Plaintiff must cure the deficiencies if he wishes to pursue his claims. The deficiencies must be cured within thirty (30) days of entry of this Order. Plaintiff must include the civil action number, CV 21-00387 JB/JHR on all papers he files in this proceeding. If Plaintiff fails to cure the deficiencies within thirty (30) days, the Court may dismiss this proceeding without further notice.

**IT IS ORDERED** that, within thirty (30) days of entry of this Order, Plaintiff Rodolfo Rodriguez cure the deficiencies by (1) paying the $402 filing fee or submitting an Application to Proceed in the District Court Without Prepaying Fees and Costs (including the required 6-month inmate account statement) and (2) filing a prisoner civil rights complaint in proper form.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this order, (1) two copies of an Application to Proceed in the District Court

without Prepaying Fees and Costs under 28 U.S.C. § 1915, with instructions, and (2) a form prisoner civil rights complaint under 42 U.S.C. § 1983, with instructions.

_____
UNITED STATES MAGISTRATE JUDGE