IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RODOLFO RODRIGUEZ,

      Plaintiff,

vs.                                                                                       No. CIV 21-0387 JB/JHR

STATE OF NEW MEXICO, GOVERNOR
GRISHAM, AG., DEPT. OF CCA, GEO
CORRECTION, DIRECTOR OF PRISONS, ALL
SHERIFF'S IN ALL COUNTY JAILS HOUSING
LOCAL, STATE & FEDERAL INMATES, FNU
WALSH, FNU ANDERSON, FNU PERRY &
FNU CARNES, JOAQUINA GALINDO,
ALBUQUERQUE POLICE DEPARTMENT, "ET.
AL.",

      Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court sua sponte under rule 41(b) of the Federal Rules of Civil Procedure on (i) the Plaintiff's Criminal Complaint, filed April 26, 2021 (Doc. 1)("Complaint"), and (ii) the Plaintiff's Motion for Court Appointed Attorney, filed May 14, 2021 (Doc. 5)("Motion"). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and D.N.M. LR-Civ., and for failure to prosecute.

Plaintiff Rodolfo Rodriguez filed his civil rights Complaint on April 26, 2021. See Complaint at 1. Rodriguez did not pay the filing fee or submit an application to proceed in forma pauperis under 28 U.S.C. § 1915 at the time he instituted this proceeding. On April 28, 2021, the Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Cure Deficiency, filed April 28, 2021 (Doc. 4), ordering Rodriguez either to pay the filing fee or to submit a § 1915 application to proceed

"including a certified copy of the plaintiff's inmate account statement for the 6-month period immediately preceding this filing."  Order to Cure Deficiency at 2.  The Order to Cure Deficiency also directed the Clerk to provide Rodriguez with a form application to proceed and notified Rodriguez that, if he failed to comply with the Court's Order, the case could be dismissed without further notice.  See Order to Cure Deficiency at 2.

On May 24, 2021, Rodriguez submitted an Application to Proceed in the District Court Without Prepaying Fees or Costs on the Court supplied form.  See Application to Proceed in the District Court Without Prepaying Fees or Costs, filed May 24, 2021 (Doc. 7)("Application").  That form expressly states: "[I]f you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts."  Application at 2.  Despite the language in Magistrate Judge Ritter's April 28, 2021, Order to Cure Deficiency and in the Application form, Rodriguez did not submit a copy of his six-month inmate account statement with the Application.  On May 26, 2021, the Magistrate Judge Ritter entered the Second Order to Cure Deficiency, filed May 26, 2021 (Doc. 8)("Second Order").  The Second Order ordered Rodriguez to submit the required six-month inmate account statement within thirty days of the Second Order's entry.  See Second Order at 1.  The Second Order also notified Rodriguez that, if he failed to comply with the Second Order, the case could be dismissed without further notice.  See Second Order at 1.

More than thirty days elapsed, and Rodriguez did not submit the required inmate account statement.  On July 8, 2021, Magistrate Judge Ritter entered an Order to Show Cause, directing Rodriguez to show cause why the case should not be dismissed for failure to comply with the Order to Cure Deficiency or the Second Order.  See Order to Show Cause, filed July 8, 2021 (Doc. 9).  The Order to Show Cause notified Rodriguez that, if he did not show cause within thirty days

of entry of the Order to Show Cause, the Court could dismiss the case without further notice. See Order to Show Cause at 3. The copy of the Order to Show Cause sent to Rodriguez at his address of record was returned as undeliverable. See Mail Returned as Undeliverable, filed July 19, 2021 (Doc. 10). Rodriguez has not responded to the Order to Show Cause and has not communicated with the Court since May 24, 2021.

Section 1915(b) provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), ***shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*** or notice of appeal. . .

28 U.S.C. § 1915(a)(2)(emphasis added). Rodriguez has not submitted the required account statement and has not responded to the May 26, 2021, Second Order or July 8, 2021, Order to Show Cause. Magistrate Judge Ritter has entered three Orders directing Rodriguez to submit the required account statement. More than thirty days has elapsed since entry of Magistrate Judge Ritter's July 8, 2021, Order to Show Cause and Rodriguez has not submitted the six-month inmate account statement, shown cause, or responded, in any way, to the Magistrate Judge Ritter's Order to Show Cause.

Pro se litigants are required to follow the federal statutes, rules of procedure, and simple, nonburdensome local rules. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). The D.N.M. LR-Civ. requires litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. See D.N.M. LR-Civ. 83.6. Mail sent to Rodriguez at his address of record is being returned as undeliverable, indicating that Rodriguez has been released from custody, see Mail Returned as Undeliverable at 1, and Rodriguez has not

provided the Court with an updated address.  In addition to failing to comply with the Court's Orders, Rodriguez has failed to comply with D.N.M. LR-Civ. 83.6.

Rodriguez has not complied with Court orders, statutes, or the D.N.M. LR-Civ.  He has failed to prosecute this action by not submitting the six-month inmate account statement that 28 U.S.C. § 1915(b) requires and by not keeping the Court advised of his address, in violation of D.N.M. LR-Civ. 83.6.  The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court, therefore, will dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with the Court's Orders, failure to comply with statutes, failure to comply with the D.N.M. LR-Civ., and failure to prosecute this proceeding.

Also pending before the Court is the Plaintiff's Motion for Court Appointed Attorney, filed May 14, 2021 (Doc. 5)("Motion").  The Court will deny the Motion as moot in light of the dismissal of this proceeding.

**IT IS ORDERED** that (i) the Plaintiff's Criminal Complaint, filed April 26, 2021 (Doc. 1), is dismissed without prejudice; and (ii) the Plaintiff's Motion for Court Appointed Attorney, filed May 14, 2021 (Doc. 5) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Rodolfo Rodriguez
Deming, New Mexico

    *Plaintiff pro se*